# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI, WESTERN DIVISION

| | |
|---|---|
| UMB BANK, N.A. ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Cause No. 01-0912-CW-W-1 |
| ) | |
| J. G. WENTWORTH, S.S.C.,L.P., et al. ) | |
| ) | |
| **Defendants.** ) | |

## JUDGMENT TO DISBURSE FUNDS DEPOSITED INTO REGISTRY OF COURT

Now on this __20th__ day of __MARCH__, 2006, this cause coming before the Court on Defendants' Joint Motion for Order to Disburse Funds Deposited into the Courts Registry, Defendants, J.G. Wentworth, S.S.C., L.P. ("Wentworth"), Gersh & Reppell, P.C. ("Gersh"), Mary Lou Holt ("Holt"), Charles Gersh ("CG"), and Thomas H. Reppell ("Reppell") being all of the remaining parties to have asserted a claim against the funds which are the subject of this interpleader action (the "Deposit"). Each of such Defendants have executed a stipulation (the "Stipulation") which disposes of all issues in this cause and such Stipulation has been filed with this Court. This cause was submitted to the Court on such Stipulation.

The Court finds that:

1. The Stipulation disposes of all issues in this cause, and the Stipulation is fair and reasonable and that the Stipulation was duly executed by such Defendants or by and on behalf of such Defendants by their respective attorneys.

2. The parties have no additional costs or fees to submit to the Court.

3. Plaintiff UMB Bank ("UMB") was dismissed from these proceedings by Order of this Court and has no further interest in the Deposit.

4. Defendants Lisa K. Wren ("Wren") and Myrna W. Serio ("Serio") were personally served but failed to file any responsive pleadings or other wise enter their appearances, and neither Defendant has made any claim against the Deposit.

5. Defendant CIGNA Life Insurance Company of New York ("CLICNY") filed responsive pleadings, and was dismissed from these proceedings by Order of this Court on July 28, 2003, and its claim against the Deposit was resolved by that Order. CLICNY has no further interest in the Deposit except that CLICNY is the payor of amounts to be paid in the future.

6. Defendant Atlantic Mutual Insurance Company ("Atlantic") has filed responsive pleadings, and has been dismissed from these proceedings by Order of this Court. Atlantic has made no claim to the Deposit.

7. Defendants Michael A. Newton, Betty J. Endicott and Clayton C. Fletcher were served by publication but have failed to file any responsive pleadings and have claimed no interest in the deposit.

8. Wren was represented by the law firm of Gersh, Holt & Reppell in a personal injury action involving an automobile accident. On July 20, 1984, the parties to the personal injury action entered into a Release and an Agreement, Settlement and Statement of Distribution which provided for lifetime monthly payments of $800 each month commencing February 10, 1984, with 360 monthly payments guaranteed through January 10, 2014 (the "Monthly Payments"), and in addition, nine guaranteed lump sum payments (the "Lump Sum Payments") as follows:

| | |
|---|---|
| January 10, 1994 | $ 25,000.00 |
| January 10, 1999 | $ 10,000.00 |
| January 10, 2000 | $ 10,000.00 |
| January 10, 2001 | $ 10,000.00 |
| January 10, 2002 | $ 10,000.00 |
| January 10, 2004 | $ 25,000.00 |

| | |
|---|---|
| January 10, 2014 | $ 25,000.00 |
| January 10, 2024 | $ 25,000.00 |
| January 10, 2029 | $100,000.00 |

Wren was to receive 60% ("Wren's Share") and the law firm of Gersh, Holt & Reppell was to receive 40% ("Gersh's Share"). Atlantic Mutual Insurance Company purchased a Single Premium Life Annuity with Guaranteed payments, policy No. 7NA0011554 (the "Annuity") from CLICNY to fund the payment of the above obligations. The proceeds of the Annuity were to be paid into an escrow account held by UMB (the "Escrow Account") pursuant to an Escrow Agreement entered into on January 20, 1984.

9. Gersh, Holt & Reppell was a Missouri law partnership consisting of Charles Gersh, Bernard Holt and Thomas H. Reppell. Bernard Holt died June 30, 1985. His interest in the law firm passed to Defendant Holt as his surviving spouse pursuant to order of the Probate Court. Gersh & Reppell was the successor law firm to Gersh, Holt and Reppell and collected all payments under the Annuity payable to Gersh, Holt & Reppell, including the interest of Defendant Holt, Charles Gersh and Thomas H. Reppell. Gersh & Reppell, P.C. is the successor law firm to Gersh & Holt. Gersh & Reppell, P.C. collected all payments under the Annuity payable to Gersh & Reppell, including the interest of Gersh, Holt & Reppell, and Charles Gersh, Thomas H. Reppell, and Defendant Holt. Gersh and Reppell, P.C. is the proper party to collect the interest of the predecessor law firm of Gersh & Repell, Gersh, Holt & Reppell, and the interest of Holt, Charles Gersh and Thomas H. Reppell in the Deposit, the Escrow Account, all amounts deposited into the Court's Registry for the benefit of such persons and entities, and in all future payments under the Annuity owed to such persons and entities.

10. Through February of 1998, payments from the Annuity were collected by UMB and

distributed to Wren and Gersh in accordance with the terms of the Escrow Agreement.

11. In February of 1998, Wren executed an irrevocable assignment to Wentworth of her right to receive certain payments from the Annuity in the amount of $137,000 commencing in March of 1998. Wren wrongfully attempted to assign Gersh's Share as part of such assignment, and Wren also wrongfully attempted duplicate assignment of Wren's Share.

12. Commencing in August 1998, UMB did not make any further disbursements from the Escrow Account. The amount in the Escrow Account held by UMB for collections received from August of 1998 through October of 2001, is as follows:

| | |
|---|---|
| 32 monthly payments of $800 from 8/98 through 3/01 | $25,600.00 |
| 3 monthly payments of $320 from 4/01 through 6/01 | $    960.00 |
| 4 monthly payments of $800 from 7/01 through 10/01 | $  3,200.00 |
| Lump Sum Payment 1/99 | $10,000.00 |
| Lump Sum Payment 1/00 | $10,000.00 |
| Lump Sum Payment 1/01 | $10,000.00 |
| Total | $59,760.00 |

13. UMB deposited the balance in the Escrow Account in the sum of $59,760.00 into the Court's Registry under Order of this Court. This Court ordered UMB's attorney's fees in the amount of $19,428.00 paid from the amount so deposited by UMB. The balance of the UMB Deposit remaining after payment of UMB's attorney's fees is the sum of $40,332 computed as follows:

| | |
|---|---|
| Balance of Escrow Account | $59,760.00 |
| UMB attorney's fees allowed by this Court | ($19,428.00) |
| Balance ("UMB Deposit") | $40,332.00 |

14. CLICNY filed a counterclaim in this action, and by order of the Court dated July 28, 2003, CLICNY was ordered to transfer to the Clerk of the Court for deposit into the Court's Registry all monies owed the Escrow Account but presently held by CLICNY from the Annuity provided that CLICNY was to deduct the $1,920 Duplicate Payment from the amount deposited to recoup the

4

Duplicate Payment it had overpaid the Escrow Account and the Court further ordered that all future payments from the Annuity shall be deposited into the Court's Registry as they are due.

15. The amounts actually deposited by CLICNY into the Court's Registry pursuant to such order through December 31, 2005 (the "CLICNY Deposit") are as follows:

**CLICNY Escrow Deposit thru 12/31//05**

| | |
|---|---|
| 5 Monthly Deposits - $800 (10/02 - 2/03) | $ 4,000.00 |
| 37 Mo - $800 ( 3/03 - 3/06) | $29,600.00 |
| Lump Sum Payments (1/04) | $25,000.00 |
| Total CLICNY Deposit | $58,600.00 |
| Withheld By CLICNY | $ 1,920.00 |
| Total CLICNY Deposits through 3/08/06 | $56,680.00 |

16. Future payments under the Annuity include the following:

  A. Guaranteed Payments as follows:

| | |
|---|---|
| 26 guaranteed monthly payments of $800 from 4/06 through 2/08 | $ 18,400.00 |
| 71 guaranteed monthly payments of $800 from 3/08 through 1/14 | $ 56,800.00 |
| Lump sum Payment due January 10, 2014 | $ 25,000.00 |
| Lump sum Payment due January 10, 2024 | $ 25,000.00 |
| Lump sum Payment due January 10, 2029 | $100,000.00 |
| | $225,200.00 |

  B. Non-Guaranteed Monthly Payments in the amount of $800 each commencing February 10, 2014 and continuing for the life of Wren.

17. Judgment was entered in 1998 in favor of Wentworth and against Wren in the Philadelphia Court of Common Pleas in Case No. 003056 in the principal amount of $134,839.45, based on a confession of judgment contained in the written agreement evidencing the assignment from Wren to Wentworth. After credit of all payments made to Wentworth, the principal balance remaining due to Wentworth is in the sum of $117,799.45 ("Wentworth's Principal Balance").

18. Wentworth, Gersh, Holt, CG, and Reppell have agreed to the division of the Deposit pursuant to the terms of a Settlement Agreement (the "Settlement Agreement") attached to the Joint Motion to Disburse Funds Deposited into the Court's Registry, subject to approval of the Court, which Settlement Agreement provides as follows:

A. Funds deposited into the Court's Registry through March 8, 2006, shall be disbursed as follows:

| | |
|---|---|
| To be paid to Gersh | $50,160.00 |
| To be paid to Wentworth | $46,852.00 |
| | $97,012.00 |

Interest earned on all amounts in Court's Registry shall be paid to Gersh.

B. The funds which are payable from and after January 1, 2006 are hereinafter sometimes called the "Remaining Annuity" shall be paid as follows:

A. Gersh shall be paid 40% of the Remaining Annuity, except the payment due January 10, 2029, as follows:

$320 from each $800 monthly payment from 4/1/06 until 1/1/14
$10,000 from the $25,000 Lump sum Payment due January 10, 2014
$10,000 from the $25,000 Lump sum Payment due January 10, 2024
$320 from each $800 monthly payment from 2/1/14 until death of Lisa Wren

B. Wentworth shall be paid 60% of the Remaining Annuity, except the payment due January 10, 2029, as follows:

$480 from each $800 monthly payment from 4/1/06 until 1/1/14
$15,000 from the $25,000 Lump sum Payment due January 10, 2014
$15,000 from the $25,000 Lump sum Payment due January 10, 2024
$480 from each $800 monthly payment from 2/1/14 until death of Lisa Wren

C. The $100,000 lump sum payment due January 10, 2029 shall be paid as follows:

|  |  |
|---|---|
| (1) To Gersh | $ 65,000.00 |
| (2) To Wentworth | $ 35,000.00 |
|  | $100,000.00 |

19. The Court further finds that the Settlement Agreement is fair and reasonable and that all parties asserting claims against the Deposit have stipulated and agreed to distribution of the Deposit and such agreement is fair and reasonable.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1. All Court costs shall be paid from the Deposit.

2. The Deposit shall be paid as follows:

A. Funds deposited into the Court's Registry through December 31, 2005, shall be disbursed as follows:

|  |  |
|---|---|
| Pay to Gersh | $49,200.00 |
| Pay to Wentworth | $45,412.00 |
|  | $94,612.00 |

Interest earned on all amounts in Court's Registry shall be paid to Gersh.

B. The three monthly payments of $800 each month commencing January 1, 2006 through March 31, 2006 have been deposited into the Court's Registry and shall be disbursed by the Court as follows:

|  |  |
|---|---|
| Pay to Gersh | $ 960.00 |
| Pay to Wentworth | $1,440.00 |
|  | $2,400.00 |

C. The funds which are payable from and after April 1, 2006 are hereinafter sometimes called the "Remaining Annuity" shall not be deposited into the Court's Registry by CLICNY but shall be paid by CLICNY directly to Gersh and Wentworth as follows:

(1) Gersh shall be paid 40% of the Remaining Annuity except the payment due January 10, 2029, as follows:

$320 from each $800 monthly payment from 4/1/06 until 1/1/14
$10,000 from the $25,000 Lump sum Payment due January 10, 2014
$10,000 from the $25,000 Lump sum Payment due January 10, 2024
$320 from each $800 monthly payment from 2/1/14 until death of Lisa Wren

(2) Wentworth shall be paid 60% of the Remaining Annuity except the payment due January 10, 2029, as follows:

$480 from each $800 monthly payment from 4/1/06 until 1/1/14
$15,000 from the $25,000 Lump sum Payment due January 10, 2014
$15,000 from the $25,000 Lump sum Payment due January 10, 2024
$480 from each $800 monthly payment from 2/1/14 until death of Lisa Wren

(3) The $100,000 lump sum payment due January 10, 2029 shall be paid as follows:

| | |
|---|---|
| (1) To Gersh | $ 65,000.00 |
| (2) To Wentworth | $ 35,000.00 |
| | $100,000.00 |

3. That the parties are ordered to perform all of the terms of the Settlement Agreement.

4. That all interest earned on funds on deposit in the Court's Registry be paid to Gersh.

5. That the interest of the law firm of Gersh, Holt and Reppell, and the interest of Holt, Charles Gersh and Thomas H. Reppell, being all of the persons interested in Gersh, Holt and Reppell, be paid to Gersh & Reppell, P.C.

6. That Wren and Serio be paid nothing from the Deposit.

7. That Atlantic and CLICNY be paid nothing from the Deposit.

8. That Defendants Michael A. Newton, Betty J. Endicott and Clayton C. Fletcher be paid nothing from the Deposit.

9. That Court shall disburse the funds deposited into the Court's Registry in accordance with this Order.

10. CLICNY is discharged from all liability in connection with, arising out of, or relating to the monthly payments and lump sum payments previously issued under the Annuity, the CLICNY Deposit, the Remaining Annuity, and the transaction between Wentworth and Wren, subject only to CLICNY's obligation to comply with this Judgment.

        /S/ DEAN WHIPPLE
        Dean Whipple
        United States District Judge